UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BAMM OH, | ) | 3:24-CV-148 (SVN) |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER QUIROS, *et al.*, | ) | |
|     *Defendants*. | ) | March 1, 2024 |

## INITIAL REVIEW ORDER AND RULING ON VARIOUS MOTIONS

*Pro se* plaintiff Bamm Oh is an unsentenced inmate in the custody of the Connecticut Department of Correction ("DOC") incarcerated at Hartford Correctional Center ("Hartford CC").[1] He has filed a complaint pursuant to 42 U.S.C. § 1983 against six defendants: Commissioner Quiros, APRN Jane Doe, RN Mike T., RN Mike, RN Day, and Nurse Supervisor Crystal.[2] Compl., ECF No. 1.

Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of his constitutional rights during his custody at Bridgeport Correctional Institute ("Bridgeport CI") and seeks damages and injunctive relief against Defendants in their individual and official capacities.[3]

The Prison Litigation Reform Act requires that federal courts review complaints brought

---

[1] The DOC website shows that Plaintiff is unsentenced and housed at Hartford CC. http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=261810. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (the Court may "take judicial notice of relevant matters of public record.").

[2] Under Rule 10(a) of the Federal Rules of Civil Procedure, a complaint must include the names of all parties in the case caption. *See* Fed. R. Civ. P. 10(a) ("title of the complaint must name all the parties"). Accordingly, the Court considers only claims against the individuals named as defendants in the case caption of Plaintiff's complaint.

[3] Plaintiff's complaint may be missing a page, in which he describes the capacities in which he is suing Commissioner Quiros and APRN Jane Doe. *See* ECF No. 1 at 22–23 (describing capacities and damages sought from other defendants). As to the other defendants, he states that he is suing them in their "perfectional" capacity and individual capacity. *Id.* The Court assumes Plaintiff intends to sue all defendants in their official (*i.e.,* professional) capacity and their individual capacity.

by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A.[4] Based on this initial review, the Court orders as follows.

I. **FACTUAL BACKGROUND**

The Court does not include herein all of the allegations from the complaint but summarizes only those facts necessary to provide context for initial review.

Plaintiff suffers from several medical conditions, including sleep apnea, seizure disorder, Type 2 diabetes, plaque psoriasis, arthritis of his whole body, a heart condition, Chronic Obstructive Pulmonary Disease ("COPD"), and asthma.

After Plaintiff commenced his incarceration on August 28, 2023, he had an initial appointment with APRN Jane Doe. He informed her of all of his medical issues and medications. Plaintiff alleges that his medications are all on file with the DOC medical unit. APRN Doe

---

[4] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing rules of special solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387–89 (2d Cir. 2015). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

promised to look into his medication list.

Plaintiff wrote nine medical requests to see APRN Doe but received no written response. In addition, Plaintiff received no responses to his written requests for a medical appointment sent to Commissioner Quiros, Medical Supervisor Jane Doe, and another medical supervisor who worked at the DOC office.

After he went on a hunger strike, Plaintiff was able to see APRN Doe, but she ignored his health concerns.

RN Mike T. advised Plaintiff that he would have to wait two years to receive a CPAP machine for his sleep apnea. After Plaintiff asked Nurse Mike T. about what would happen if he passed away, RN Mike T. responded that Plaintiff would no longer need the machine as he would be dead.

On December 5, 2023, Plaintiff was sent to Whiting Forensic Hospital ("Whiting") for a competency evaluation. Whiting doctors provided Plaintiff with a CPAP machine. Whiting and UConn Hospital staff advised DOC that Plaintiff would die in his sleep without a CPAP machine. Whiting doctors also placed plaintiff for an appointment with the rheumatologist because seventy-five percent of his body is covered with red patches of psoriasis.

On January 29, 2024, Plaintiff was returned to Bridgeport CI, where all of his medications were discontinued by the medical staff.

Plaintiff alleges that he is at risk of death without some of these medications and a CPAP machine. Plaintiff claims that he has had to sleep sitting up due to his worsening sleep apnea, inability to breath, and loss of consciousness. He fears he will die.

He asserts further that he has informed medical staff that his psoriasis makes it difficult for him to function. He allegedly told an APRN that he takes shots for this condition as prescribed in

3

2018. After five months, he had not received his psoriasis treatments despite writing grievances.

Plaintiff represents that he has seen a sleep specialist and psychiatrist. He claims that he received no responses to his written grievances sent to Defendant RN Mike, RN Day, and another individual identified as RN "Esice" (who is not named in the case caption).

## II.     DISCUSSION

Plaintiff asserts claims for violation of his rights under the United States Constitution arising from deliberate indifference to his treatment needs for his "life threatening" medical conditions including his (1) sleep apnea, (2) heart condition, (3) Type 2 diabetes, and (4) plaque psoriasis and arthritis. *See* Compl. at 18 (Mot. for Emergency Medical Treatment (attached)). He seeks both damages and injunctive relief against Defendants in their individual and official capacities. *See* Motion re: Relief, ECF No. 11 (requesting monetary relief); Mot. for Inj., ECF No. 12 (requesting medical treatment for all of his medical conditions).

A plaintiff seeking monetary damages from a defendant must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *McKinnon v. Patterson*, 568 F.2d. 930, 934 (2d Cir. 1977) ("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

Here, Plaintiff has not alleged any facts in the body of his complaint about conduct by Nurse Supervisor Crystal. Thus, Plaintiff may not proceed on any claim against Nurse Supervisor Crystal. *See Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2020 WL 2307643, at *5 (D. Conn. May

4

8, 2020) (dismissing all claims against defendants where complaint established no connection between defendants and alleged constitutional violations).

The Court turns next to consideration of whether Plaintiff has alleged any plausible claim for damages against the remaining Defendants in their individual capacities.

### A. Fourteenth Amendment Deliberate Indifference

Plaintiff asserts several claims for deliberate indifference to his medical needs. Although Plaintiff brings his deliberate indifference claims under the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment governs claims of deliberate indifference brought by pretrial detainees. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citing *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003); *Haslinger v. Westchester Cnty.*, No. 7:18-CV-5619 (PMH), 2020 WL 2061540, at *7 (S.D.N.Y. Apr. 29, 2020). This is because pretrial detainees "have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." *Darnell*, 849 F.3d at 29 (cleaned up). Although Plaintiff has incorrectly pleaded his deliberate indifference claims under the Eighth Amendment, the Court—affording the required special solicitude to Plaintiff's *pro se* submissions—will consider Plaintiff's deliberate indifference claims as brought under the Fourteenth Amendment.

A claim that a prison official has acted with deliberate indifference under the Fourteenth Amendment involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show that "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "*mens rea*" prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Id.* With respect to the first prong of a deliberate indifference claim, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of

5

serious damage to his health." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)).  With respect to the second prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.  Negligence is insufficient to satisfy this component. *Id.* at 36 (holding that a detainee must show that defendant acted recklessly or intentionally, not merely negligently).

For a claim of deliberate indifference to medical needs, the objective prong is satisfied "when (a) the prisoner was actually deprived of adequate medical care, meaning prison officials acted unreasonably in response to an inmate health risk under the circumstances, and (b) the inadequacy in medical care is sufficiently serious." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (amended summary order) (internal quotation marks omitted).

"If the unreasonable care consists of a failure to provide any treatment, then the court examines whether the inmate's condition itself is sufficiently serious." *White v. Williams*, No. 9:12-CV-1892, 2016 WL 1237712, at *9 (N.D.N.Y. Jan. 11, 2016), *report and recommendation adopted*, No. 9:12-CV-1892 (GLS/ATB), 2016 WL 1239263 (N.D.N.Y. Mar. 29, 2016) (internal quotation marks omitted) (citing *Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003)).  A "sufficiently serious" deprivation of a plaintiff's right to due process can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See, e.g.*, *Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  A degenerative medical condition that does not initially appear serious may, in fact, be serious if it will "result in further significant injury or the unnecessary and

wanton infliction of pain" when left untreated or neglected for a long period of time. *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2003) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

### 1. Serious Need for CPAP Machine

Plaintiff alleges facts to support his claim that he has a serious need for his CPAP machine. Plaintiff's allegations do not, however, sufficiently suggest that any Defendant acted with the requisite state of mind to satisfy Fourteenth Amendment deliberate indifference.

He alleges that APRN Doe ignored his health concerns but does not indicate that she had any involvement with a failure to provide him with the CPAP machine. He further claims that Defendant Nurse Mike T. allegedly advised him of the two-year wait period for CPAP machine, and Defendants RN Mike, and Nurse Day (Nurse "Esice" not named as a defendant) allegedly failed to respond to his grievances. But Plaintiff's allegations fail to suggest that any of these Defendants had the ability to provide him with a CPAP machine, but nevertheless acted intentionally to deprive him of an immediate CPAP machine, or acted recklessly to interfere with his provision of a more immediate the CPAP machine. *See Warwick v. Doe,* No. 3:20-CV-277 (JAM), 2020 WL 2768804, at *5 (D. Conn. May 27, 2020) (explaining that absent facts suggesting that the defendant actually had and failed to exercise the power to get plaintiff in to see a dental surgeon sooner, plaintiff's allegations amounted to, at most, negligence). At most, Plaintiff's present allegations suggest that Defendants may have acted negligently, which is not sufficient to support a plausible Fourteenth Amendment violation. *Darnell*, 849 F.3d at 36. Accordingly, the Court must dismiss as implausible Plaintiff's Fourteenth Amendment claims for damages against Defendants APRN Doe, RN Mike T., RN Mike, and RN Day for indifference to his serious need for a CPAP machine.

Plaintiff also alleges that Commissioner Quiros and medical supervisors failed to respond to his requests for medical assistance. But the Second Circuit has established that a plaintiff must plead that supervisory defendants violated a constitutional amendment "by [their] own conduct, not by reason of [their] supervision of others who committed the violation." *Tangreti*, 983 F.3d at 619. "A supervisor's mere knowledge . . . is not sufficient because that knowledge does not amount[ ] to the supervisor's violating the Constitution." *Id.* at 616–17 (internal quotation omitted) (alteration in original).

Here, Plaintiff has not sufficiently alleged that Commissioner Quiros acted intentionally or recklessly to interfere with Plaintiff's provision of a CPAP machine because "as a matter of law, a defendant's mere receipt of a letter or grievance, without personally investigating or acting thereon, is insufficient to establish personal involvement." *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 215 (S.D.N.Y. 2014) (citation omitted). Plaintiff has offered no other allegations describing how Commissioner Quiros acted to deprive him of a CPAP machine. Thus, Plaintiff has not alleged facts to suggest that Commissioner Quiros violated his Fourteenth Amendment rights due to his indifference to Plaintiff's serious need for a CPAP machine.

Accordingly, the Court must dismiss Plaintiff's Fourteenth Amendment damages claims against APRN Doe, RN Mike T., RN Mike, RN Day and Commissioner Quiros arising from his serious need for a CPAP machine. *See* 28 U.S.C. § 1915A(b)(1).

### 2. *Other Serious Medical Treatment Needs*

To the extent he asserts Fourteenth Amendment indifference to his medical treatment needs other than his serious need for a CPAP machine, Plaintiff has not alleged plausible Fourteenth Amendment violation by any defendant. Even assuming the existence of a sufficiently severe condition, Plaintiff has not alleged facts to reflect that any defendant named in the case caption

8

acted intentionally to deprive him of a necessary medical treatment, or recklessly failed to act with reasonable care to mitigate his risk of harm.

In addition, Plaintiff's claims of Fourteenth Amendment indifference to his medical treatment needs—other than indifference to his need for an immediate CPAP machine—may be misjoined in this action. Rule 20 of the Federal Rules of Civil Procedure permits a plaintiff to sue multiple defendants in the same lawsuit only if the allegations arise "out of the same transaction, occurrence, or series of transactions or occurrences" and there are "question[s] of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). When the complaint fails to satisfy this Rule, a court may sever the claims. *See* Fed. R. Civ. P. 21; *Sanchez v. O'Connell*, No. 3:08-cv-706 (JBA), 2010 WL 7862797, at *1 (D. Conn. Sept. 27, 2010) (noting that courts have held claims are misjoined when they fail to satisfy Fed. R. Civ. P. 20(a)).

The Court cannot discern from the complaint whether there are common questions of law or fact that suggest Plaintiff's claims of medical indifference should all be included together as one lawsuit. If one medical provider treated Plaintiff for multiple issues, it is possible that claims against that provide could be joined. But on the complaint as presently stated, the Court cannot make that assessment.

### 3. *Official Capacity Claims and Injunctive Relief*

As an initial matter, any claims based on constitutional violations for money damages against Defendants in their official capacities are dismissed as barred by the Eleventh Amendment, as all Defendants are state employees. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Separately, Plaintiff requests an injunctive order for emergency medical treatment for all of his medical conditions. Compl. at 17–18, Mot. for Injun., ECF No. 12. A plaintiff may proceed for injunctive or declaratory relief against a defendant in his or her official capacity to the extent

he alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)) (other citations omitted).

Here, Plaintiff cannot proceed against Defendants in their official capacity for injunctive relief because he has not stated any plausible violation of his federal or constitutional rights. *See Rahim v. Martin*, No. 3:23-CV-298 (MPS), 2023 WL 4745536, at *8 (D. Conn. July 25, 2023) (dismissing official capacity claim for injunctive relief because Plaintiff had "not stated any plausible ongoing violation of his federal or constitutional rights to support a claim for injunctive relief"); *see also Henderson v. Quiros*, No. 3:21-CV-1078 (VAB), 2021 WL 5359739, at *8 (D. Conn. Nov. 17, 2021) (dismissing official capacity claims absent any continuing or ongoing federal or constitutional violation). As a result, he cannot presently proceed on his request for injunctive relief in his complaint and, separately, his motion for injunctive relief, ECF No. 11, must be denied. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) (requests for injunctive relief are remedies and are dismissed with the underlying claim).

### 4. Remaining Motions

Plaintiff has also filed two additional motions: a "Motion to Enter Conversation," ECF No. 13, and a motion to add two defendants, Bridgeport Correctional Center Warden Burgos and Deputy Warden Vanamator, ECF No. 14. Both motions are denied.

With respect to the "Motion to Enter Conversation," the motion is difficult to understand, but it appears Plaintiff seeks to have allegations about a conversation he had with Deputy Warden

Vanamator included for consideration in his suit. As the Court is allowing Plaintiff to amend his complaint, where he can include these allegations, this motion is DENIED.

As to the motion to add Warden Burgos and Deputy Warden Vanamator as Defendants, this is likewise DENIED, as the motion does not include any facts that would state a cognizable claim against these Defendants. Plaintiff may include any facts involving these Defendants in his amended complaint.

## ORDERS

For the foregoing reasons, the Court DISMISSES without prejudice Plaintiff's complaint for failure to state a plausible claim under 42 U.S.C. § 1983.

The Court DENIES without prejudice the following motions filed by Plaintiff: motions for referral of the case to a U.S. Magistrate Judge for purposes of a settlement conference as moot given that the complaint is dismissed (ECF Nos. 10, 16); motion re: relief (ECF No. 11); motion for an injunction (ECF No. 12); motion to enter conversation (ECF No. 13); and motion to add Defendants (ECF No. 14).

By **April 1, 2024**, Plaintiff may file an amended complaint to correct the deficiencies of identified in this ruling. Any amended complaint will completely replace the previous complaint filed in this case, and no portion of any prior complaint shall be incorporated by reference into his amended complaint. He must name in the case caption all defendants against whom he asserts claims. Plaintiff is advised that, without allegations concerning a defendant's personal involvement in the alleged constitutional violation, any amended complaint will likely be dismissed.

If Plaintiff fails to file an amended complaint by **April 1, 2024**, the court will close this case with prejudice.

**Changes of Address.** If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c) provides that he **MUST** notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.

On February 29, 2024, the Court received communication that Plaintiff had been transferred to Hartford Correctional Center. On March 1, 2024, the Clerk docketed a notice from Plaintiff noticing his change of address. ECF No. 15. His address has been updated accordingly on the docket. Plaintiff is informed that any request for injunctive relief directed at officials at a facility where he is no longer housed is likely moot. *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

SO ORDERED at Hartford, Connecticut, this 1st day of March, 2024.

      /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE